UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:13-cr-00084-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER CONCERNING DEFENDANT'S REQUEST TO CHANGE DATE ON WHICH DEFENDANT COMMENCES SERVING HIS PRISON SENTENCE** |
| RAJESHWAR SINGH, | |
| Defendant. | |

On January 7, 2019, Defendant Rajeswar Singh filed a request to extend his prison surrender date from January 9, 2019, to February 8, 2019. Def.'s Motion, ECF No. 279. Defendant states in the motion: "In conversations with Mr. Singh's appellate counsel, the government has raised a single objection to defendant's request for an extension of his surrender date, i.e., that this Court lacks legal jurisdiction to consider and grant such a request." Id. at 2:1-3. The United States filed an opposition to the motion on January 8, 2019, arguing the district court lacks jurisdiction to consider the motion, and that the portion of the motion "cit[ing] the Bail Reform Act . . . does not apply to his request as Singh has not raised a 'substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.' 18 U.S.C.

1

§ 3143(b)(B). In addition, this statute allows a court to grant release pending appeal, not to alter the court's judgment." Gov't's Opp'n at 5:19-24, ECF No. 281.

Defendant's motion seeking to alter the sentence commencement date in the judgment is denied because Defendant has not shown that the district court has jurisdiction to consider the request. Nor has Defendant presented arguments in the district court showing that his self-surrender date should be altered under the Bail Reform Act.

Dated: January 8, 2019

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge