1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,

12              Plaintiff,                          No. 2:13-cr-00084-TLN-CSK

13

14        v.                                        **ORDER**

15    RAJESHWAR SINGH,

16              Defendant.

17

18        This matter is before the Court on Defendant Rajeshwar Singh's ("Defendant") Motion

19    for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 448.)  The

20    Government filed an opposition.  (ECF No. 452.)  Defendant filed a reply.  (ECF No. 456.)  The

21    Government and Defendant filed additional replies without the Court's prior approval.  (ECF

22    Nos. 458, 459.)  The Court considers these additional replies to be unauthorized sur-replies.  The

23    Local Rules and the Federal Rules of Criminal Procedure only allow for the filing of a motion,

24    opposition, and reply.  *See* E.D. Cal. L.R. 430.1.  Neither set of rules provides an automatic right

25    to submit a sur-reply, nor did the Court request one.  While the Court in its discretion has taken

26    these sur-replies into consideration (ECF Nos. 458, 459), counsel is reminded that the Court is

27    well within its authority to strike sur-replies filed without leave of court.  Nevertheless, for the

28    reasons set forth below, the Court DENIES Defendant's Motion.  (ECF No. 448.)

1

I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2017, a jury found Defendant guilty of all counts of a twelve-count Indictment, which included four counts of mail fraud in violation of 18 U.S.C. § 1341, four counts of bank fraud in violation of 18 U.S.C. § 1344, and four counts of making false statements on loan and credit applications in violation of 18 U.S.C. § 1014.  (ECF Nos. 138, 147.)  On November 9, 2018, Judge Garland E. Burrell, Jr. sentenced Defendant to a 135-month term of imprisonment followed by a 36-month term of supervised release.  (ECF Nos. 256, 259.)  Defendant is currently serving his sentence at FCI-Florence.  (*See* ECF No. 448.)  Defendant has served approximately 62 months of his 135-month sentence, and his projected release date is November 1, 2028.  (ECF No. 452-1 at 4.)

On May 9, 2025, Defendant filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 448.)  Defendant requests the Court reduce his sentence to time-served and modify the conditions of his supervised release to include a term of home detention to be determined by the Court.  (*Id.* at 2.)

II.    ANALYSIS

A.    Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); see *Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule.  However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met this threshold exhaustion requirement.  (ECF No. 452 at 6–7.)  Defendant made a request to the warden of FCI-Florence on March 4, 2025.  (ECF No. 448-1 at 4.)  The warden denied Defendant's request on April 3, 2025.  (*Id.* at 2–3.)  Because more than 30 days have elapsed since receipt of Defendant's request,

1    Defendant has met the exhaustion requirement.  *See* 18 U.S.C. § 3582(c)(1)(A).

2              B.       Extraordinary and Compelling Reasons

3          Despite having met the exhaustion requirement, Defendant is eligible for compassionate

4    release only if he can demonstrate there are "extraordinary and compelling reasons" for a

5    sentence reduction and such a reduction is "consistent with applicable policy statements issued by

6    the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Ninth Circuit previously held that

7    "the [former] version of U.S.S.G. § 1B1.13 [was] not an 'applicable policy statement[ ]' for 18

8    U.S.C. § 3582(c)(1)(A) motions filed by a defendant."  *United States v. Aruda*, 993 F.3d 797, 802

9    (9th Cir. 2021).  The Ninth Circuit explained that "[t]he Sentencing Commission's statements in

10   [the former version of] U.S.S.G. § 1B1.13 may inform a district court's discretion for

11   § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id.*

12         The Sentencing Commission amended U.S.S.G. § 1B1.13 on November 1, 2023.

13   U.S.S.G. § 1B.13, amend. 814.  As relevant to the instant motion, Amendment 814 extended the

14   applicability of the U.S.S.G. § 1B1.13 policy statement to defendant-filed motions, expanded the

15   list of "extraordinary and compelling reasons" that warrant a sentence reduction, and moved that

16   list from the Commentary to the policy statement itself.  *See* U.S.S.G. Supp. App. C. Amend. 814.

17   While the Ninth Circuit has not confirmed whether the amended U.S.S.G. § 1B1.13 is binding, its

18   recent decisions indicate the guidelines are, at minimum, still informative consistent with *Aruda*.

19   *See United States v. Wise*, No. 22-16165, 2024 WL 4182172, at *2 (9th Cir. Sept. 13, 2024), *cert.*

20   *denied*, 145 S. Ct. 1452 (2025) (noting defendant "had not met his burden of showing that he was

21   at risk of 'serious deterioration in health or death' or 'serious deterioration in physical or mental

22   health' as U.S.S.G. § 1B1.13(b) requires"); *United States v. Keehn*, No. 23-30031, 2024 WL

23   2717402, at *1 (9th Cir. May 28, 2024) (noting the amended U.S.S.G. § 1B1.13(b) "restrict[s]

24   '[e]xtraordinary and compelling reasons' to the enumerated 'circumstances or a combination

25   thereof'"); *United States v. Gonzalez*, No. 23-634, 2024 WL 705711, at *2 (9th Cir. Feb. 21,

26   2024) ("While [§] 1B1.13 is not binding, it 'may inform a district court's discretion' for

27   compassionate release motions." (quoting *Aruda*, 993 F.3d at 802)).  Accordingly, the Court

28   continues to rely on the current U.S.S.G. § 1B1.13 herein as persuasive, if not binding, authority.

The Sentencing Commission's guidelines on compassionate release identify medical conditions that satisfy the "extraordinary and compelling" requirement.  U.S.S.G. § 1B1.13(b)(1).  More specifically, the "extraordinary and compelling" requirement is met where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  *Id.*  The "extraordinary and compelling" requirement may also be met where defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death."  *Id.*

Defendant asserts the combination of his multiple chronic medical conditions constitutes an extraordinary and compelling reason for his release.  (ECF No. 448 at 3.)  Defendant cites to the list of medical conditions he provided to the warden: COPD; anxiety and depression; diabetes; hypertension; nonrheumatic aortic valve disorder; high cholesterol; abnormal finding blood chemistry, unspecified; carpal tunnel syndrome; and anemia.  (*Id.* at 2; ECF No. 448-1 at 4.)  While acknowledging that "each isolated medical condition on its own may not present an extraordinary unusual condition for compassionate release," Defendant argues "the negative synergistic effect of the combination of chronic systemic conditions in fact have made his health far more serious."  (ECF No. 448 at 3.)  Defendant further asserts the medical staff at FCI-Florence will be unable to manage his care due to the "crisis expected within the BOP with the impending extraordinary budget cuts," which will "inevitably negatively impact the medical staff at FCI[-]Florence" and "have direct implications for the quality of the medical attention [Defendant] needs."  (*Id.* at 3–4.)  Defendant relies on news articles and a press release from Congresswoman Lori Trahan about anticipated decreases to BOP's 2025-2026 budget to support this claim.  (*Id.* at 3–5.)

In opposition, the Government argues Defendant's medical conditions are of the kind BOP routinely deals with, and Defendant's medical records show BOP is appropriately

1   identifying, managing, and treating these conditions.  (ECF No. 452 at 7.)  The Government

2   argues Defendant's claim about the effects of potential BOP budget cuts is "speculative,

3   premature and discredited by the articles he cites."  (*Id.* at 7–8.)

4          In reply, Defendant continues his argument that the quality of medical care provided by

5   BOP at FCI-Florence "logically may get worse" with potential budget cuts and cites additional

6   news articles in support.  (ECF No. 456 at 1–3, 4–7.)  Defendant also responds to the

7   Government's criticism of the articles from his opening brief by asserting he will also be

8   impacted by potential BOP budget cuts to halfway house releases because his previously

9   approved request to be transferred to a halfway house was denied and extended.  (*Id.* at 3.)

10          In its unauthorized sur-reply, the Government argues the additional articles Defendant

11   cites are irrelevant and fail to demonstrate Defendant has not and will not receive adequate

12   medical care.  (ECF No. 458 at 2.)  The Government also responds to Defendant's argument

13   concerning halfway houses as inappropriate for adjudication on a motion for a reduction in

14   sentence.  (*Id.* at 2–3.)

15          In his unauthorized sur-reply, Defendant asserts the Northern District of California's order

16   in *United States v. Bovis*, No. 20-cr-00204-WHO-2 (N.D. Cal. Mar. 6, 2025), demonstrates the

17   inadequacy of the medical care provided at FCI-Florence.  (ECF No. 459 at 2.)[1]

18          The Court agrees with the Government.  Defendant provides no support for his contention

19   that his combination of chronic conditions is negatively affecting his health, or otherwise

20   constitutes a serious physical or medical condition.  Defendant's health records indicate he is

21   being treated for several chronic medical conditions.  (*See* ECF No. 452-1.)  The records also

22   indicate BOP is providing sufficient treatment for these conditions, as the Government contends.

23   (*Id.*; ECF No. 452 at 8.)

24          Chronic conditions are not a basis for compassionate release.  *See United States v. Ayon-*

---

[1] In their unauthorized sur-replies, the Government and Defendant also make arguments as to whether Defendant's discussion of his request to transfer to a halfway house represents a new argument on reply.  (ECF Nos. 456 at 3; 458 at 1-2; 459 at 1-2.)  While the Court acknowledges these arguments, the Court ultimately agrees with the Government that Defendant's assertions about halfway houses does not support his request for compassionate release.

1    *Nunez*, No. 1:16-cr-00130-DAD, 2020 WL 704785, at *3 (E.D. Cal. Feb. 12, 2020) ("Chronic

2    conditions that can be managed in prison are not a sufficient basis for compassionate release."

3    (quoting *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at

4    *5 (D. Ariz. Nov. 8, 2019))).  That a defendant experiences multiple chronic conditions does not

5    on its own change this analysis.  *See United States v. Neal*, No. 1:17-cr-00300-DAD-BAM, 2024

6    WL 1886476, at *4 (E.D. Cal. Apr. 30, 2024) (denying compassionate release where defendant

7    suffered from type 2 diabetes, obesity, hyperlipidemia, unspecified mood disorder, hypertension,

8    and asthma); *United States v. Esparza*, No. 1:15-CR-00319-JLT-SKO-1, 2024 WL 216558, at *2

9    (E.D. Cal. Jan. 19, 2024) (denying compassionate release where defendant suffered kidney

10   disease, diabetes, cholesterol, and hypertension).

11          Further, Defendant identifies no healthcare concerns that have not been addressed, or any

12   type of medical care that is not being provided and without which he is at risk of serious

13   deterioration in health or death.  Defendant's medical records indicate he is receiving sufficient

14   treatment for his medical conditions.  (ECF No. 455-1.)  With respect to Defendant's arguments

15   concerning BOP's budget, the Court declines to speculate as to how potential changes to BOP's

16   future budget could impact the healthcare Defendant will receive at FCI-Florence.  While a

17   failure to provide care may qualify as an "extraordinary and compelling reason" under U.S.S.G.

18   § 1B1.13, its mere possibility does not.  U.S.S.G. § 1B1.13(b)(1)(C) ("The defendant is suffering

19   from a medical condition that requires long-term or specialized medical care that *is not being*

20   *provided* and without which the defendant is at risk of serious deterioration in health or death."

21   (emphasis added)); (*cf.*, ECF No. 459-1 (granting compassionate release in *Bovis*, No. 20-cr-

22   00204-WHO-2 (N.D. Cal. Mar. 6, 2025), where BOP failed to fill defendant's blood pressure

23   prescription, defendant subsequently suffered two serious medical incidents, and the court

24   determined that defendant would likely suffer brain damage or death if these issues were to

25   continue)).

26          Based on the record before the Court, it appears none of Defendant's medical conditions,

27   individually or in combination, substantially diminish his ability to provide self-care.  Further,

28   BOP is providing adequate care to treat these conditions.  Defendant has failed to meet his burden

1    to show extraordinary and compelling reasons justify his release.

2                    C.    Section 3553(a) Factors

3           The Court also finds a sentence reduction is not warranted under the § 3553(a) factors.

4    *See* 18 U.S.C. § 3582(c)(1)(A) (requiring consideration of the § 3553(a) factors before granting

5    compassionate release).

6           Defendant discusses several reasons why he should be granted compassionate release

7    under these factors: (1) he has demonstrated "extraordinary rehabilitation" while in custody; (2)

8    he does not pose a danger to society; and (3) he played a minor role in the underlying offenses for

9    which he was convicted as evidenced by the plea agreement offered by the Government.  (ECF

10   No. 448 at 6–12.)

11          In opposition, the Government argues: (1) Defendant's rehabilitation is not so

12   extraordinary or compelling as to justify granting relief; (2) the public must be protected from any

13   future crimes committed by Defendant; and (3) the nature and circumstances of Defendant's

14   offense require punishment.  (ECF No. 452 at 9–11.)  The Government also submits that a term of

15   imprisonment less than half of Defendant's sentenced time does not satisfy the § 3553(a) factors.

16   (*Id.* at 11.)

17          The Court agrees with the Government.  While the Court has reviewed Defendant's hand-

18   written letter (ECF No. 448-2) and commends Defendant on the positive steps he has taken while

19   in custody, Defendant fails to convince the Court that his rehabilitation efforts warrant a sentence

20   reduction at this time.  The Court does not consider Defendant's dangerousness to be a relevant

21   factor in the instant case.  *Aruda*, 993 F.3d at 799 (noting the "dangerousness finding is not

22   statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i), but is part of the Sentencing

23   Commission's policy statement in [the prior version of U.S.S.G. § 1B1.13]").  With respect to

24   Defendant's role in the offenses for which he was convicted, Defendant's reliance on the plea

25   deal previously offered to him by the Government is unpersuasive as his culpability was decided

26   by a jury, not the Government.  Defendant's 135-month term of imprisonment represents the low-

27   end of the applicable guideline range and reflects the seriousness of Defendant's offenses.  (ECF

28   No. 452 at 11.)  In sum, Defendant fails to persuade the Court that the § 3553(a) factors warrant a

7

1    reduction in his well-supported, low-end, 135-month term of imprisonment.

2          **III.    CONCLUSION**

3          For the foregoing reasons, the Court hereby DENIES Defendant's Motion for

4    Compassionate Release.  (ECF No. 448.)

5          IT IS SO ORDERED.

6    Date: June 30, 2025

7

8                                        TROY L. NUNLEY
                                         CHIEF UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28